IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| LIZ MARIE COLON QUINONES, et als | * | CIVIL NO. 05-1537 (DRD) |
| | * | |
| Plaintiff's | * | |
| vs. | * | MEDICAL MALPRACTICE |
| DR. RAFAEL OTERO HERNANDEZ, et als | * | JURY TRIAL |
| | * | |
| Defendants | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**AMENDED ANSWER TO SECOND AMENDED COMPLAINT**

**TO THE HONORABLE COURT:**

**COMES NOW** co-defendant **UHS OF PUERTO RICO INC. d/b/a HOSPITAL SAN FRANCISCO and UHS OF DELAWARE, INC.**, through its undersigned attorney and very respectfully states, alleges and prays:

**I JURISDICTION**

This paragraph of the Second Amended Complaint is denied for lack of sufficient information as to form an opinion and/or plead. In the alternative same does not requires a response answer since it is an averment of law.

## THE PARTIES

1. Paragraphs 5, 6, 8, 10, 11, 12 and 13 of the Second Amended Complaint are denied for lack of sufficient information as to form an opinion and/or plead.

2. Paragraphs 1, 2 and 4 of the Second Amended Complaint are admitted.

3. Paragraph 3 of the Second Amended Complaint, is only admitted that herein co-plaintiff's are the heirs of Nilda Quiñones. It is specifically denied any negligent act or omission from herein party in the management and treatment provided to this patient, Nilda Quiñones. There exists no solidarity responsibility between the herein appearing co-defendant **UHS OF PUERTO RICO INC. d/b/a HOSPITAL SAN FRANCISCO and UHS OF DELAWARE, INC.,** and the acts or proceedings done by any of the other co-defendants, in accordance with the interpretation of our highest Court outlined in the case of Monserrate A. Arroyo vs. Hospital La Concepción, 130 DPR 596, and the interpretation given on the particular of solidarity in accordance with Article 1802 of the Civil Code of Puerto Rico 31 L.P.R.A., section 3101.

4. Paragraph 7 of the Second Amended Complaint is denied as drafted. It is clarify that UHS of Puerto Rico Inc., is a corporation under the laws of the Commonwealth of Puerto Rico that owned, operated and administrated the institution known as Hospital San Francisco at the time the patient was treated on May 2003.

It is also clarify that effective July 1st, 2004, herein-party is no longer the owner, nor the administrator of Hospital San Francisco.  It is admitted that UHS of Puerto Rico Inc., owns and operate the facilities known as Sistema de Salud San Juan Capestrano.

5. Paragraph 8 of the Second Amended Complaint is denied.  Co-defendant **UHS OF PUERTO RICO INC. d/b/a HOSPITAL SAN FRANCISCO**, does not have an insurance contract to cover the allegations of the Second Amended Complaint. It is only admitted that there is a self insurance program and no excess nor umbrella insurance exists.

6. Paragraph 9 of the Second Amended Complaint is denied as drafted. It is admitted that UHS of Delaware Inc., is a corporation incorporated in Delaware.

### III.  FACTS AND ALLEGATIONS

7. Paragraphs 14, 15, 16, 17, 18, 19, 23, 26, 30, 32, 34, 35, 36, 37, 38, 41, 42, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 62, 63, 65, 66, 67, 68, 69, 70, 71, of the Second Amended Complaint are denied for lack of sufficient information as to form an opinion and/or plead.

8. Paragraphs 25, 28, 39, 40, 43 and 72 of the Second Amended Complaint are admitted.

9. Paragraph 21 of the Second Amended Complaint is denied as drafted. Patient was admitted to the hospital as patient of Dr. Rafael Otero and under his Orders.

10. Paragraph 22 of the Second Amended Complaint is denied as drafted. As required by law and pursuant to the Requirements of Joint Commission for the Accreditation of Hospitals, all hospital institutions must provide to patients that are about to undergo surgery, a format of Consent for Treatment in which patient among others voluntarily consents to: "to retain and utilize any specimen or tissue taken from my body for scientific or teaching purposes", please refer to the hospital record which speaks for itself.

11. Paragraphs 24 and 31 of the Second Amended Complaint are denied as drafted. It is admitted that contract titled "Pathology Laboratory Service Agreement", was executed only by herein parties, co-defendant UHS of Puerto Rico Inc., and UHS of Delaware Inc., in particular it is mentioned that ""the agreement shall not be binding upon Hospital unless signed by both Hospital's CEO/Managing Director and by an officer of UHS of Delaware Inc."", the contract speaks for itself.

12. Paragraph 27 of the Second Amended Complaint is denied as drafted. The information of the operative procedures are discussed with the surgeon and not with nurses and/or hospital personnel. It is specifically denied any negligent act or omission from herein party in the management and treatment provided to this patient. There exists no solidarity responsibility between the herein appearing co-defendant **UHS OF PUERTO RICO INC. d/b/a HOSPITAL SAN FRANCISCO** and **UHS OF DELAWARE INC.,** and the acts or proceedings done by any of the other co-defendants, in accordance with the interpretation of our highest Court outlined in the case of <u>Monserrate A. Arroyo</u> <u>vs. Hospital La Concepción</u>, 130 DPR 596, and the interpretation given on the particular of solidarity in accordance with Article 1802 of the Civil Code of Puerto Rico 31 L.P.R.A., section 3101.

13. Paragraph 29 of the Second Amended Complaint is denied as drafted. It is only admitted that at the time patient was discharge on the same day of surgery, and there was no final diagnosis since pathology report was not ready.

14. Paragraph 44 of the Second Amended Complaint is denied as drafted. At the time that the results were received by the hospital on May 6th and the biopsy on June 3rd, 2005, plaintiff was not longer hospitalized as patient of Dr. Rafael Otero in the hospital. It is the physicians responsibility and not the hospital's responsibility,

to discuss the pathologist report with their patients. It is specifically denied any negligent act or omission from herein party in the management and treatment provided to this patient. There exists no solidarity responsibility between the herein appearing co-defendant **UHS OF PUERTO RICO INC. d/b/a HOSPITAL SAN FRANCISCO**, and **UHS OF DELAWARE INC.**, and the acts or proceedings done by any of the other co-defendants, in accordance with the interpretation of our highest Court outlined in the case of <u>Monserrate A. Arroyo</u> <u>vs. Hospital La Concepción</u>, 130 DPR 596, and the interpretation given on the particular of solidarity in accordance with Article 1802 of the Civil Code of Puerto Rico 31 L.P.R.A., section 3101.

15. Paragraph 45 of the Second Amended Complaint is denied as drafted. Pursuant to the procedures, the results of the pathology are reported by telephone and/or send by fax to the physician's office, and a copy is send to the department of medical records of the hospital to be included with patients hospital record. Pursuant to the Service Agreement with Hato Rey Pathology Associates, they are responsible to notified the physician of the results and biopsies ans a copy is forward to the attention of the custody of records of the hospital. It is specifically denied any negligent act or omission from herein party in the management and treatment provided to this patient. There exists no solidarity responsibility between the herein

appearing co-defendant **UHS OF PUERTO RICO INC. d/b/a HOSPITAL SAN FRANCISCO and UHS OF DELAWARE INC.**, and the acts or proceedings done by any of the other co-defendants, in accordance with the interpretation of our highest Court outlined in the case of <u>Monserrate A. Arroyo</u> <u>vs. Hospital La Concepción</u>, 130 DPR 596, and the interpretation given on the particular of solidarity in accordance with Article 1802 of the Civil Code of Puerto Rico 31 L.P.R.A., section 3101.

16. Paragraphs 46, 47, 48 and 49 of the Second Amended Complaint are denied as drafted. Herein appearing co-defendant **UHS OF PUERTO RICO INC. d/b/a HOSPITAL SAN FRANCISCO and UHS OF DELAWARE INC.,** complied with the By Laws, Rules and Regulations of the hospital, also with the Joint Commission for the Accreditation of Hospitals and with the law and regulations of the Department of Health of the Commonwealth of Puerto Rico.

17. Paragraph 50 of the Second Amended Complaint is denied as drafted. Herein appearing co-defendant **UHS OF PUERTO RICO INC. d/b/a HOSPITAL SAN FRANCISCO** complied with the law and regulations of the Department of Health of the Commonwealth of Puerto Rico.

18. Paragraphs 61 and 64 of the Second Amended Complaint, are specifically denied for any negligent act or omission from herein party in the management and

treatment provided to this patient. There exists no solidarity responsibility between the herein appearing co-defendant **UHS OF PUERTO RICO INC. d/b/a HOSPITAL SAN FRANCISCO and UHS OF DELAWARE INC.**, and the acts or proceedings done by any of the other co-defendants, in accordance with the interpretation of our highest Court outlined in the case of Monserrate A. Arroyo vs. Hospital La Concepción, 130 DPR 596, and the interpretation given on the particular of solidarity in accordance with Article 1802 of the Civil Code of Puerto Rico 31 L.P.R.A., section 3101.

19. Paragraphs 73, 74, 75 and 76 of the Second Amended Complaint does not need a responsive answer since it is not addressed to herein party, in the alternative same is denied any negligent act or omission from herein party in the management and treatment provided to this patient. There exists no solidarity responsibility between the herein appearing co-defendant **UHS OF PUERTO RICO INC. d/b/a HOSPITAL SAN FRANCISCO and UHS OF DELAWARE INC.**, and the acts or proceedings done by any of the other co-defendants, in accordance with the interpretation of our highest Court outlined in the case of Monserrate A. Arroyo vs. Hospital La Concepción, 130 DPR 596, and the interpretation given on the particular of solidarity in accordance with Article 1802 of the Civil Code of Puerto Rico 31 L.P.R.A., section 3101.

20. Paragraph 77 of the Second Amended Complaint is denied as for any alleged negligent act or omission from herein party. There exists no solidarity responsibility between the herein appearing co-defendant **UHS OF PUERTO RICO INC. d/b/a HOSPITAL SAN FRANCISCO and UHS OF DELAWARE INC.**, and the acts or proceedings done by any of the other co-defendants, in accordance with the interpretation of our highest Court outlined in the case of <u>Monserrate A. Arroyo</u> <u>vs. Hospital La Concepción</u>, 130 DPR 596, and the interpretation given on the particular of solidarity in accordance with Article 1802 of the Civil Code of Puerto Rico 31 L.P.R.A., section 3101.

23. Paragraphs 78 and 79 of the Second Amended Complaint, are denied for lack of sufficient information as to form an opinion and/or plead. It is specifically denied any negligent act or omission from herein party in the management and treatment provided to this patient. There exists no solidarity responsibility between the herein appearing co-defendant **UHS OF PUERTO RICO INC. d/b/a HOSPITAL SAN FRANCISCO and UHS OF DELAWARE INC.**, and the acts or proceedings done by any of the other co-defendants, in accordance with the interpretation of our highest Court outlined in the case of <u>Monserrate A. Arroyo</u> <u>vs. Hospital La Concepción</u>,

130 DPR 596, and the interpretation given on the particular of solidarity in accordance with Article 1802 of the Civil Code of Puerto Rico 31 L.P.R.A., section 3101.

24. Paragraph 80 of the Second Amended Complaint is denied for lack of sufficient information as to form and opinion and/or plead. In the alternative same does not requires a response answer since it is an averment of law.

## AFFIRMATIVE DEFENSES

1. The Second Amended Complaint just as it has been drafted does not adduce facts that justify the concession of a remedy in favor of the plaintiff and against the herein appearing, co-defendant **UHS OF PUERTO RICO INC. d/b/a HOSPITAL SAN FRANCISCO and UHS OF DELAWARE INC.**

2. The Second Amended Complaint as it has been written does not adduce causal relationship between the alleged damages and the supposed negligence that is imputed to the herein appearing, co-defendant **UHS OF PUERTO RICO INC. d/b/a HOSPITAL SAN FRANCISCO and UHS OF DELAWARE INC.**, in accordance with <u>Bonilla vs. Chardón</u>, 118 DPR 599; <u>Medina Santiago vs. Vélez</u>, 120 DPR 380; <u>Rios Ruiz vs. Mark</u>, 119 DPR 816.

3. There is no causal relationship between the negligent acts or omissions alleged to have been incurred by the herein appearing party and the damages allegedly suffered by plaintiff's.

4. The co-defendant **UHS OF PUERTO RICO INC. d/b/a HOSPITAL SAN FRANCISCO and UHS OF DELAWARE INC.**, have not incurred in guilt and/or negligence for which they should respond, Cruz vs. Centro Médico, 113 DPR 719; Quiñonez vs. Duarte Mendoza, 112 DPR 223.

5. In the alternative the damages to the plaintiff were due to the negligence of third persons and for which the herein appearing co-defendant **UHS OF PUERTO RICO INC. d/b/a HOSPITAL SAN FRANCISCO and UHS OF DELAWARE INC.** is not liable.

6. If there was negligence in this case, which is specifically denied, the same was incurred by plaintiff and/or by third parties, for whose actions the appearing party is not responsible to plaintiffs as a matter of law.

7. There exists no solidarity responsibility between the herein appearing co-defendant **UHS OF PUERTO RICO INC. d/b/a HOSPITAL SAN FRANCISCO and UHS OF DELAWARE INC.**, and the acts or proceedings done by any of the other co-defendants, in accordance with the interpretation of our highest Court outlined in the

case of <u>Monserrate A. Arroyo</u> <u>vs. Hospital La Concepción</u>, 130 DPR 596, and the interpretation given on the particular of solidarity in accordance with Article 1802 of the Civil Code of Puerto Rico 31 L.P.R.A., section 3101.

    8. The appearing party complied with the generally accepted standards for hospital care and the patient received the degree of care that a reasonable and prudent person or a family man should provide. <u>Ramos Orengo v. La Capital</u>, 88 DPR 315 (1963); <u>Hernández v. La Capital,</u> 81 DPR 103 (1960).

    9. The damages alleged are complete and totally unreal.

    10. The present action is time barred by the applicable statute of limitations.

    11. The plaintiff did not mitigate damages.

    12. Pursuant to State Law and in light of the legal doctrine applied to medical malpractice cases in Puerto Rico, a presumption of correctness of medical treatment reins and it is the movant party which must rebate such presumption by preponderance of evidence, <u>Rolón Alvarado v. Municipality of San Juan</u>, 1 F. 3d 74 (1993, 1st. Cir.).

    13. In the alternative, the legal doctrine of judgment error (error de juicio), as established by the Puerto Rico Supreme Court, is applicable to the facts alleged in the Second Amended Complaint.

14. The damages claimed in the complaint, if any, were caused by a pre-existing condition of patient.

15. The damages claimed by plaintiffs have been grossly exaggerated and in no way represent the effective damages that plaintiffs may have suffered, if any.

16. Co-defendant **UHS OF PUERTO RICO INC. d/b/a HOSPITAL SAN FRANCISCO and UHS OF DELAWARE INC.**, does not have an insurance contract to cover the allegations of the Second Amended Complaint.

17. Hato Rey Pathology Associates is an independent contractor and pursuant to the agreement with the hospital they ar obliged to indemnify, defend and save the Hospital harmless against any claim or loss of whatever nature due to the negligent or intentional acts or omissions.

18. The appearing co-defendant **UHS OF PUERTO RICO INC. d/b/a HOSPITAL SAN FRANCISCO and UHS OF DELAWARE INC.**, reserves the right to amend the existing affirmative defenses and/or to include additional affirmative defenses that may arise through discovery and/or investigation.

**WHEREFORE,** co-defendant **UHS OF PUERTO RICO INC. d/b/a HOSPITAL SAN FRANCISCO and UHS OF DELAWARE INC.**, respectfully requests from the Honorable Court that this case be dismissed with the impositions of costs and attorneys fees.

**I HEREBY CERTIFY** that certify that on August 3rd, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Luis G. Martínez Llorens, Esq.; Carmen Vivas,Esq.; María Z. Trigo Ferraiouli, Esq. ; Miriam González Olivencia, Esq., Juan Masini Soler, Esq; Roberto Ruiz Comas, Esq.; Luis Montijo, Esq.

            **RESPECTFULLY SUBMITTED.**

            **S/SIGRID LOPEZ GONZALEZ-126806**
            P.O. Box 195233
            San Juan, PR 00919-5233
            Tel. (787) 758-4400
            Fax. (787) 763-0144
            E-Mail: sigrid@prtc.net